**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 2.]**

CLEVELAND BAR ASSOCIATION *v*. CARD.

[Cite as *Cleveland Bar Assn. v. Card*, 1998-Ohio-594.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Failing to cooperate in disciplinary investigation.*

(No. 97-2645—Submitted February 18, 1998—Decided May 13, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-99.

_____

{¶ 1} On December 9, 1996, relator, Cleveland Bar Association, filed a complaint charging that respondent, Donald Card of San Diego, California, Attorney Registration No. 0044095, neglected legal matters entrusted to him and failed to carry out contracts of employment. Relator also charged that respondent failed to cooperate with the disciplinary investigation. After relator was unsuccessful in serving respondent with the complaint by certified mail and by personal service, relator served the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). No responsive pleading having been filed, on April 23, 1997, relator filed a motion for default, which was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 2} On May 9, 1997, respondent contacted the chairman of the panel by telephone and later by letter, requesting that a hearing be set on the complaint. The chairman, by letter dated May 20, 1997, allowed respondent ten days to file a written request to vacate the default and ask for a hearing. On June 17, 1997, the chairman ordered respondent to file an answer to the complaint within fourteen days. On July 8, 1997, the general counsel of relator wrote to respondent, requiring

that an answer to the complaint be filed by July 14, 1997. On July 17, 1997, respondent filed a pleading denying all the allegations of the complaint.

{¶ 3} After a hearing on August 4, 1997, the panel found that in 1992 when respondent was practicing law in Cleveland, Patricia A. Smith paid respondent $1,000 to have her husband's prison sentence reduced. Smith then had great difficulty contacting respondent, who did not return her telephone calls. Respondent filed no papers and did no legal work for Smith's husband. Respondent belatedly returned Mrs. Smith's papers after she fired him, but did not return the $1,000.

{¶ 4} The panel found that in January 1993, Cornelia Porch retained respondent and paid him $500 to handle a divorce action. Porch found that respondent was difficult to contact by telephone. When she did contact him in March 1993, respondent falsely told her that he was filing the divorce papers. Respondent then moved his office without informing Porch.

{¶ 5} In September 1993, Marie Alexander retained respondent, and paid him $900 to attempt to have her imprisoned grandson released on shock probation. After respondent received the money, he would not accept Alexander's telephone calls, never filed any papers, and did not attempt to obtain a hearing. The panel concluded that respondent's failure to act in each of these matters violated DR 6-101(A)(3) (neglect of an entrusted legal matter). The panel further concluded that with respect to the *Porch* matter, respondent's conduct violated DR 7-101(A)(2) (failure to carry out contract of employment).

{¶ 6} At the hearing, relator's general counsel testified that respondent failed to respond to any of the grievances filed against him. Respondent, who moved frequently, did not provide an address to the relator, to the Supreme Court, or to any of his clients who filed grievances. The panel concluded that respondent had violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to cooperate in a disciplinary investigation).

{¶ 7} Relator also introduced evidence that for the reporting period 1990/1991, respondent failed to meet his continuing legal education requirement and was ordered to pay a sanction fee by May 21, 1993 and, further, that the fee had not yet been paid. In addition, relator introduced evidence that respondent failed to meet his continuing legal education requirement for the 1992/1993 reporting period, and that on August 11, 1995, he was suspended from the practice of law and ordered to pay a sanction fee by September 11, 1995. *In re Report of the Comm. on Continuing Legal Edn.* (1995), 74 Ohio St.3d 1426, 1431, 655 N.E.2d 1311, 1315. That sanction fee, also, has not yet been paid.

{¶ 8} The panel recommended that respondent be indefinitely suspended from the practice of law and be required to make restitution to Smith, Porch, and Alexander. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Alfred R. Cowger, Jr.* and *Marilyn T. Tobocman*, for relator.
*David Card, pro se*.

_____

***Per Curiam.***

{¶ 9} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is indefinitely suspended from the practice of law in Ohio. Respondent shall also make restitution to Smith, Porch, and Alexander, with interest from the date he received payments from them, within sixty days of the date of this decision. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents and would disbar respondent.

_____